FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AO 241 (Rev. 09/17)

JAN 0 3 2020

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

MITCHELL R. ELFERS
CLERK

| United States District Court | District: ALBUQUERQUE N.M. | |
|---|---|---|
| Name (under which you were convicted): THOMAS WARDELL DOLPHUS | | Docket or Case No.: 20 CV 4 JCH LF |
| Place of Confinement: CENTRAL NEW MEXICO CORRECTIONAL FACILITY | Prisoner No.: 79863 | |
| Petitioner (include the name under which you were convicted) THOMAS WARDELL DOLPHUS | Respondent (authorized person having custody of petitioner) STATE OF NEW MEXICO | |
| v. | | |
| The Attorney General of the State of: NEW MEXICO | | |

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    2ND DISTRICT COURT, BERNALILLO COUNTY
    ALBUQUERQUE, N.M.

    (b) Criminal docket or case number (if you know): SECOND JUDICIAL DISTRICT NO. D-0202-CR-2012-02432

2.  (a) Date of the judgment of conviction (if you know): SEPTEMBER 11, 2015

    (b) Date of sentencing: 9/9/2015

3.  Length of sentence: 19 1/2 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    THREE COUNTS SEXUAL EXPLOITATION OF CHILDREN
    1 COUNT POSSESSION
    2 COUNTS MANUFACTURE

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $           , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and          copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    Address
    City, State  Zip Code

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  <u>CAUTION:</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes   ☒ No

9.   If you did appeal, answer the following:

(a) Name of court: COURT OF APPEALS FOR THE STATE OF NEW MEXICO

(b) Docket or case number (if you know): No. 35,114

(c) Result: DENIED

(d) Date of result (if you know): UNKOWN

(e) Citation to the case (if you know): UNKOWN

(f) Grounds raised: ① RIGHT TO SPEEDY TRIAL
② INSUFFICIENT EVIDENCE FOR TWO COUNTS OF MANUFACTURE AND ONE OF POSSESSION
③ STATUE PROHIBITING MANUFACTURE DID NOT APPLY TO DISC FOR PERSONAL USE
④ DOUBLE JEOPARDY WHEN CONVICTED OF POSSESSION AND MANUFACTURE

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: STATE SUPREME COURT

(2) Docket or case number (if you know):

(3) Result: DENIED

AO 241 (Rev. 09/17)

(4) Date of result (if you know):    UNKOWN

(5) Citation to the case (if you know):    MNKOWN

(6) Grounds raised:    RIGHT TO SPEEDY TRIAL , INSUFFICIENT EVIDENCE, MANUFACTURE DID NOT APPLY , DOUBLE JEOPARDY

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:    N/A

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result:                                    N/A

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☑ Yes      ☐ No

(2) Second petition:    ☐ Yes      ☐ No

(3) Third petition:     ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**      INEFFECTIVE ASSITANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COUNCIL FAILURE TO PROTECT MY RIGHTS, ALL COUNCIL INVOLVED
                                                    OR CONSECT WITH
STATE APPEAL COUNCIL L. HELEN BENNETT REFUSED TO SPEAK WITH
ME BY PHONE OR IN PERSON

(b) If you did not exhaust your state remedies on Ground One, explain why:

INEFFECTIVE ASSITANCE OF COUNSEL

IT IS IMPOSSIBLE TO GET A PUBLIC DEFENDER TO DEFED THE ACCUSSED
WHEN THEY DONT WANT TO

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: I HAVE NEVER BEEN ENCOURAGED BY PUBLIC DEFENDERS REPRESENTING ME TO MAKE ANY MOTION REGARDING INEFFECTIVE ASSITANCE OF COUNSEL

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: INEFFECTIVE ASSITANCE OF COUNSEL

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   NONE

**GROUND TWO:**   SPEEDY TRIAL VIOLATION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

3 YEARS FOR A TRIAL TO BEGIN IS NOT NORMAL IN ANY
CIRCUMSTANCE AND IS UNDOUBTEDLY VIOLATION OF STATE
AND FEDERAL LAW

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   STATE APPEALS COURT

Name and location of the court where the motion or petition was filed:

THE COURT OF APPEALS STATE OF NEW MEXICO

Docket or case number (if you know):   35,114

AO 241 (Rev. 09/17)

Date of the court's decision:   UNKOWN

Result (attach a copy of the court's opinion or order, if available):   NOT AVAILABLE

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

INEFFECTIVE ASISTANCE OF COUNSEL

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :   NONE

**GROUND THREE:**  INSUFFICIENT EVIDENCE TO SUPPORT GUILTY VERDICT OF TWO COUNTS MANUFACTURE AND ONE POSSESSION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THERE WAS NEVER A FACTUAL FINDING OF CREATION OF DISC

DUE TO NON SUFFICIENT CHAIN OF CUSTODY WHERE AND WHEN THIS DISC WERE FOUND WAS NEVER DETERMINED IN TRIAL

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:   N|A

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

INEFFECTIVE ASSISTANCE OF COUNSEL

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: NONE

**GROUND FOUR:** THIS COURT HAS NOT PROVEN JURISDICTION IN THIS MATTER.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

EVIDENCE SUPPORTS DISC MUST HAVE BEEN CREATED OUTSIDE OF BERNALILLO COUNTY AT A TIME OUTSIDE STATUE OF LIMITATIONS

(b) If you did not exhaust your state remedies on Ground Four, explain why:

INEFFECTIVE ASSISTANCE OF COUNSEL

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

INNEFFECTIVE ASSISTANCE OF COUNSEL

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❐ Yes     ❐ No

(4) Did you appeal from the denial of your motion or petition?      ❐ Yes     ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐ Yes     ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

INEFFECTIVE ASSISTANCE OF COUNSEL

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:   NONE

AO 241 (Rev. 09/17)

*THIS ADDED PAGE IS NOT APPLICABLE*

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *INEFFECTIVE ASSISTANCE OF COUNSEL*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


*INEFFECTIVE ASSISTANCE OF COUNSEL*

AO 241 (Rev. 09/17)

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

FIVE

GROUND ~~TWO~~: DISCOVERY WAS HENDERED BY PROSECUTION FOR A THREE YEAR PERIOD.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): PROSECTION CLAIMED THAT DUE TO THE OVERWHELMING AMOUNT OF EVIDENCE THAT THEY NEEDED ADDITIONAL TIME FOR THE INDICTMENT HEARING. DURING SENTENCING THE PROSECUTION ADMITTED THAT THEY STILL HAD NOT REVIEWED ALL THE EVIDENCE. YET, THE EVIDENCE IS IN SOLE CUSTODY AND RESPONSIBILITY OF THE PROSECUTION. PROSECUTION HAD ULIMITED ACCESS TO THE EVIDENCE. THE DEFENDANT HAD ONE OPPORTUNITY TO VIEW THE EVIDENCE AND NOT WITH THE TRIAL LAWYER. THE MOTION TO VIEW THE INTERVIEW VIDEO WAS DENIED BY JUDGE NAKAMURA

REQUEST BY DEFENSE TO REVIEW EVIDENCE FOR THE PURPOSE OF PLANNING AN EFFECTIVE DEFENSE WAS A BURDEN AND A HARDSHIP ON THE PROSECUTION AND WAS STATED ON THE RECORD MANY TIMES, VERA BALLY AND IN WRITING.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

INEFFECT ASSITANCE OF COUNSEL

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

INEFFECTIVE ASSITANCE OF COUNSEL

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

INEFFECTIVE ASSISTANCE OF COUNSEL

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
      have used to exhaust your state remedies on Ground Two :   NONE

<u>GROUND THREE:</u>   NOT APPLICABLE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):



AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ❐   Yes     ❐   No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ❐   Yes     ❐   No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?     ❐   Yes     ❐   No

   (4) Did you appeal from the denial of your motion or petition?     ❐   Yes     ❐   No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐   Yes     ❐   No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    INEFFECTIVE ASSITANCE OF COUNSEL,
JURISDICTION, DISCOVERY
BECAUSE:
INEFFECTIVE ASSITANCE

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

INEFFECTIVE ASSITANCE OF COUNSEL,
JURISDICTION, DISCOVERY
BECAUSE INEFFECTIVE ASSITANCE OF COUNSEL

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:  ~~UPPA HRCHRDSON~~  UNKOWN

NEVER HAD ANY CONTACT WHATSOEVER WITH THAT COUNSEL
(b) At arraignment and plea:                    GOLFGHTLY

(c) At trial:  JOHNATHAN MILLER

(d) At sentencing:  JONATHAN MILLER

(e) On appeal:   L. HELEN BENNETT

(f) In any post-conviction proceeding:

NONE

(g) On appeal from any ruling against you in a post-conviction proceeding:

NONE

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:        N/A

(c) Give the length of the other sentence:              N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?                ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

      (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

           (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

           (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

           (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   OVERTURN THIS ILLEGAL CONVICTION , OR GRANT A NEW TRIAL

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   12/27/17    (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Thomas w. Porphus —7986'3
CNMCF - 128
P.O. Drawer 1328
Los Lunas NM 87031

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 03 2020

MITCHELL R. ELFERS
CLERK

U.S. DISTRICT COURT
333 Lomas Blvd. NW, Ste. 270
Albuquerque, NM 87102

LEGAL

87102x2274 C023

NEOPOST
US POSTAGE $000.65°
01/02/2020
FIRST/A ASS MAIL