IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS WARDELL DOLPHUS,

    Petitioner,

v.                                                                                                                    2:20-cv-00004-JCH-LF

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on petitioner Thomas Wardell Dolphus's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 3, 2020. Doc. 1. Respondents filed an answer addressing exhaustion and the merits of Mr. Dolphus's petition on January 6, 2021. Doc. 17. Senior United States District Judge Judith C. Herrera referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 16. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Mr. Dolphus has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Mr. Dolphus be given fourteen (14) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to file an amended petition that presents only his exhausted claims: speedy trial violation (Claim 2) and sufficiency of the evidence to support his convictions for sexual exploitation of children by manufacturing (Claim 3). If Mr. Dolphus does not do so, I recommend dismissing his petition without prejudice.

1

I.   **Factual Background and Procedural History**

On May 18, 2012, a grand jury indicted Mr. Dolphus in the Second Judicial District Court for the State of New Mexico on forty five counts of sexual exploitation of children by possession (Counts 1–45) and fourteen counts of sexual exploitation of children by manufacturing (Counts 46–59). Doc. 17-1 at 1–14 (Ex. A).[1] On June 17, 2014, the court dismissed Counts 2 through 45. *Id*. at 44 (Ex. H), 73 (Ex. P), 103 (Ex. V). On March 25, 2015, the State of New Mexico filed a *nolle prosequi* as to Counts 46 through 57. *Id*. at 98 (Ex. T).

On May 4, 2015, the state district court held a bench trial on the remaining three counts: a single count of sexual exploitation of children by possession (Count 1), and two counts of sexual exploitation of children by manufacturing (Counts 58 and 59). *Id*. at 135 (Ex. Y). The court found Mr. Dolphus guilty of all three charges. *Id*. at 135–45 (Ex. Y). Mr. Dolphus was sentenced to a total term of imprisonment of nineteen and one-half years, with six years suspended, for an actual term of imprisonment of thirteen and one-half years followed by five to twenty years on parole.[2] *Id*. at 146–48 (Ex. Z).

---

[1] Except as otherwise noted, all citations are to the exhibits attached to Respondents' Response to Thomas Wardell Dolphus's *Pro Se* Petition for Writ of Habeas Corpus (Doc. 17) and Notice of Filing of State-Court Transcripts (Doc. 18). The Court cites to the CM/ECF pagination rather than any internal page numbers in the exhibits.

[2] Respondents indicated in their briefing that "[u]pon information and belief, Mr. Dolphus has completed his term of imprisonment and currently is serving in-house parole." *See* Doc. 17 at 3 n.3. Current court and correctional records show that Mr. Dolphus is in custody at the Northeast New Mexico Detention Facility ("NENMDF") while awaiting a ruling on a motion to revoke his probation due to an alleged violation. *See* New Mexico Offender Search, https://cd.nm.gov/offender-search/ (last accessed June 28, 2021); *see also State of New Mexico v. Thomas Dolphus*, No. D-202-CR-2012-02432. The Court takes judicial notice of the state court records accessed through the New Mexico Supreme Court's online Secured Odyssey Public Access (SOPA). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

A. Direct Appeal

On October 7, 2015, Mr. Dolphus appealed his convictions to the New Mexico Court of Appeals. Doc. 17-1 at 149 (Ex. AA). He raised four issues in his direct appeal, arguing that: (1) his constitutional right to a speedy trial was violated; (2) the legislature did not intend for the statute prohibiting manufacture of child pornography to apply to the act of creating compact disc compilations of prohibited material for personal use; (3) there was insufficient evidence to support his convictions for sexual exploitation of children by manufacturing; and (4) his convictions for both possessing and manufacturing child pornography violate double jeopardy.[3] *Id*. at 339–40 (Ex. OO). On December 28, 2018, the New Mexico Court of Appeals affirmed Mr. Dolphus's convictions. *Id*. at 339–68.

Mr. Dolphus timely petitioned the New Mexico Supreme Court for a writ of certiorari. *Id*. at 369–82 (Ex. PP). The petition raised the same issues previously presented to the New Mexico Court of Appeals, namely a speedy trial violation, double jeopardy, sufficiency of the evidence, and legislative intent regarding the statute prohibiting the manufacture of child pornography. *Id*. at 370. The New Mexico Supreme Court denied certiorari, and the mandate issued on March 5, 2019. *Id*. at 384 (Ex. RR), 386 (Ex. SS).

---

[3] Mr. Dolphus's docketing statement also included two other arguments: (1) the district court erred in denying his motion to dismiss for lack of venue; and (2) there was insufficient evidence to support his conviction for sexual exploitation of children by possession. *See* Doc. 17-1 at 162 (Ex. BB). Because the first argument was not raised by Mr. Dolphus in later briefing on appeal, it was deemed abandoned, and the appellate court did not address this argument in its opinion. *See State v. Warner*, 2015 WL 1681507, *1 (N.M. Ct. App. 2015) (unpublished) (matters raised in docketing statement are deemed "abandoned if they are not raised again in the briefs on appeal and supported with citation to appropriate authority"). The appellate court considered the second argument waived because Mr. Dolphus did not substantively address it in his briefing. *See* Doc. 17-1 at 363 (Ex. OO).

3

B. <u>Mr. Dolphus's § 2254 Habeas Petition</u>

On January 3, 2020, Mr. Dolphus timely filed the § 2254 federal habeas petition that is currently before the Court and the subject of this PFRD.[4]  Doc. 1.  In his *pro se* petition, Mr. Dolphus asserts five grounds for relief:

1. **Claim 1: Ineffective Assistance of Counsel**

    Mr. Dolphus contends that his counsel failed to "protect [his] rights" and that his appellate counsel, in particular, "refused to speak with [him] by phone or in person." *See* Doc. 1 at 6.

2. **Claim 2: Speedy Trial Violation**

    Mr. Dolphus argues that the approximate three-year delay between his arraignment and trial resulted in a violation of his right to a speedy trial.  *See* Doc. 1 at 8.

3. **Claim 3: Sufficiency of the Evidence**

    Mr. Dolphus argues that there was insufficient evidence to support his convictions. *See* Doc. 1 at 9.

4. **Claim 4: Jurisdiction**

    Mr. Dolphus alleges that the state district court[5] did not have jurisdiction because there is evidence showing that the "disc must have been created outside of Bernalillo County at a time outside [the] statute of limitations."  *See* Doc. 1 at 11.

---

[4] The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on filing a § 2254 petition. *Williams v. Workman*, 448 F. App'x 828, 829 (10th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)).  This limitations period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

[5] Although Mr. Dolphus asserted in the heading for Claim 4 that it was "this Court" that lacks jurisdiction, his argument was clearly directed to the state district court's alleged lack of jurisdiction.  *See* Doc. 1 at 11.

4

5. **Claim 5: Discovery Rulings**

Mr. Dolphus contends that the prosecution hindered discovery for a three-year period. *See* Doc. 1 at 14. He also challenges the district court's denial of his motion to view the interview video and multiple denials of his request to review other evidence. *Id*. Shortly after filing his § 2254 petition, Mr. Dolphus filed a motion asking the Court to delay the start of these proceedings while he gathered documents and information. Doc. 7. On September 2, 2020, the Court granted the motion to delay in part, allowing Mr. Dolphus thirty days to file an amended petition and delaying any initial review of his claims until after the amendment deadline. *See* Doc. 8 at 1. Mr. Dolphus elected not to file an amended petition; instead, he filed a second motion to delay the start of the proceedings. Doc. 9. In his second motion, he appeared to ask the Court to delay the initial review of his habeas claims until he is released from prison. *See* Doc. 10 at 2. The Court denied the second motion, explaining that there is "no authority that would allow habeas petitioners to file a petition within the one-year limitation period and then wait to prosecute the claims until their release from prison." *Id*. The Court stated that it would appoint counsel if an evidentiary hearing became necessary. *Id*.

The Court proceeded to conduct an initial review of the petition and determined that Mr. Dolphus's claims were not subject to summary dismissal. *Id*. The Court ordered Respondents to file an answer addressing the merits of each claim and whether Mr. Dolphus had exhausted his state court remedies as to each claim. *Id*. at 3. In their response filed January 6, 2021, Respondents contend that Mr. Dolphus has filed a mixed petition containing both exhausted and unexhausted claims. *See* Doc. 17 at 1, 8–10. Respondents ask the Court to ignore the exhaustion requirement altogether and instead deny Mr. Dolphus's petition for lack of merit. *Id*. at 10.

## II. Analysis

### A. The Exhaustion Requirement

The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[6] 28 U.S.C. § 2254(b)(1)(A). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted).

A petitioner has not exhausted his state court remedies if he still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust state court remedies, a petitioner must "properly present[ ]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal citation and quotation omitted).

---

[6] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Mr. Dolphus has not argued—and the record does not indicate—that either of these situations are present in this case.

6

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed petitions." *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Federal "district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

B. <u>Mr. Dolphus Has Filed a Mixed Petition</u>.

I agree with Respondents that Mr. Dolphus has presented a mixed petition containing both exhausted and unexhausted claims. There is no question that Mr. Dolphus has exhausted his claims for a speedy trial violation (Claim 2) and sufficiency of the evidence to support his convictions for sexual exploitation of children by manufacturing (Claim 3). Both of these arguments were squarely raised in Mr. Dolphus's direct appeal. *See supra* p. 3.

With regard to Claim 3, however, Mr. Dolphus also challenges the sufficiency of the evidence to support his possession conviction. *See* Doc. 1 at 9. As noted earlier, in Mr. Dolphus's direct appeal, the New Mexico Court of Appeals declined to address this argument because Mr. Dolphus did not substantively address it in his brief-in-chief. *See supra* n.3 (citing Doc. 17-1 at 363 (Ex. OO) (declining to address "sufficiency of the evidence as it relates to possession of children pornography" because "[d]espite indicating in his brief-in-chief's subheading that he is also challenging the possession conviction, [Mr. Dolphus] limited the substance of his challenge to the manufacturing conviction.")). "New Mexico courts have consistently applied the rule that deems all issues abandoned that are not raised in an appellant's brief-in-chief." *See Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995). Because Mr. Dolphus abandoned his sufficiency challenge to the possession conviction as he proceeded through his direct appeal, he failed to present this claim in a manner that satisfies the exhaustion requirement. *See Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) ("Exhaustion requires that

7

the claim be fairly presented to the state court, which means that the petitioner has raised the substance of the federal claim in state court.") (internal citations and quotation marks omitted)). I therefore disagree with Respondents' contention that Claim 3 is exhausted in its entirety, *see* Doc. 17 at 9, 21–23, and instead find that Mr. Dolphus only has exhausted Claim 3 as to his manufacturing convictions.

Similarly, although Mr. Dolphus raised his jurisdictional challenge (Claim 4) as a 'venue' argument in his docketing statement, he did not pursue it in his briefing on direct appeal. *Compare* Doc. 17-1 at 162, 213–14 (initial and amended docketing statements) *with* Doc. 17-1 at 221–22 (Ex. GG) (brief in chief) *and* Doc. 17-1 at 370 (Ex. PP) (petition for writ of certiorari). The appellate courts therefore did not substantively consider this claim. *See State v. Warner*, 2015 WL 1681507, *1 (N.M. Ct. App. 2015) (unpublished) (matters raised in docketing statement are deemed "abandoned if they are not raised again in the briefs on appeal and supported with citation to appropriate authority")). Because Mr. Dolphus did not properly present the substance of Claim 4 in his direct appeal, Claim 4 is not exhausted.

Mr. Dolphus's remaining two claims—ineffective assistance of counsel (Claim 1) and challenges to discovery rulings (Claim 5)—are likewise unexhausted. These two claims were not presented at any point in Mr. Dolphus's direct appeal, and he readily acknowledges that he did not exhaust these claims in his habeas petition. *See* Doc. 1 at 6–7, 14; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (stating that the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

In sum, Mr. Dolphus has filed a mixed petition in which only the following claims are exhausted: speedy trial violation (Claim 2) and sufficiency of the evidence to support his

8

convictions for sexual exploitation of children by manufacturing (Claim 3). Mr. Dolphus's remaining claims (Claim 1, Claim 4, Claim 5, and Claim 3 to the extent it challenges sufficiency of the evidence to support the possession conviction) are unexhausted. When presented with a mixed petition, the Court has the following options:

> (1) dismiss the mixed petition in its entirety . . .; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . .; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . .; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild*, 579 F.3d at 1156 (internal citations omitted).

I do not recommend dismissal of the mixed petition in its entirety. Those in custody pursuant to the judgment of a state court have a one-year statute of limitations to file a federal habeas petition. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If the Court were to dismiss the current habeas petition to allow Mr. Dolphus to exhaust his claims in state court, his application would be time-barred were he to return to federal court. *See, e.g.*, *Rhines*, 544 U.S. at 274–75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (citing *Duncan*, 533 U.S. at 181–82). Thus, dismissing Mr. Dolphus's petition would push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. The Supreme Court has stated that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines [(1)] there was good cause for the petitioner's failure to exhaust his

claims in state court"; (2) the petitioner's unexhausted claims are not "plainly meritless"; and (3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. On the record now before me, I do not find that these prerequisites for the stay-and-abeyance procedure have been met.[7] Nothing in the documents before the Court points to the existence of the requisite good cause.

Although Respondents ask the Court to select the fourth option, i.e., to ignore the exhaustion requirement altogether and deny the petition on the merits, I believe the better course is the third option because it provides Mr. Dolphus "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

C. Procedural Default

Before recommending that Mr. Dolphus be given an opportunity to dismiss his unexhausted claims, I "consider whether, upon dismissal of the[se] claims, [he] would then be able to raise them in the state courts." *Demarest*, 130 F.3d at 939. If the state court would not entertain a petitioner's unexhausted claims because of a procedural bar, "there is a procedural default for the purpose of federal habeas review." *Id.* This is often referred to as an "anticipatory procedural bar." *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an

---

[7] Also pending before the Court is Mr. Dolphus's renewed request to stay this case until he is released from prison. *See* Doc. 15. The Court previously denied Mr. Dolphus's multiple motions seeking to delay the Court's review of his habeas petition. *See supra* p. 5. In his latest request to delay the case, Mr. Dolphus presents reasons that the Court has already considered and found non-meritorious. I therefore recommend that the Court deny Mr. Dolphus's latest request to delay this case.

10

unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."); *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

Mr. Dolphus has not filed a state habeas petition to date, and there is no statute of limitations in New Mexico that prevents him from filing a state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 195, 164 P.3d 72, 76. Respondents also do not argue that a procedural bar applies to Mr. Dolphus's unexhausted claims. Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 1974-NMSC-060, ¶10, 86 N.M. 439, 440, 524 P.2d 1335, 1336). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id*. (citing *Gillihan*, 1974-NMSC-060, ¶11, 86 N.M. 439, 440, 524 P.2d 1335, 1336). Thus, New Mexico courts may find that Dolphus's unexhausted claims are not precluded from review under the doctrine of fundamental error. Because there still is a possibility of state review of these claims, in the interest of comity, the Court finds that these claims are not procedurally defaulted. *See, e.g.*, *Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state

review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

### III.  RECOMMENDATION

For the reasons discussed above, I recommend that the Court allow Mr. Dolphus to amend his petition to include only his exhausted claims:  speedy trial violation (Claim 2) and sufficiency of the evidence to support his manufacturing convictions (Claim 3).  If Mr. Dolphus chooses not to amend his petition, I recommend that the Court dismiss his petition in its entirety without prejudice.  If Mr. Dolphus chooses not to amend his petition, he should bear in mind that the one-year statute of limitations applies to all of the exhausted grounds in his petition, and any future federal habeas petitions on these grounds likely would be time-barred.

If Mr. Dolphus wishes to proceed with this habeas petition based solely on the exhausted claims, he must file an amended petition that includes only those claims.  He must file the amended petition within fourteen days of an order adopting the PFRD.  If he fails to timely file an amended petition, I recommend that the Court dismiss his entire petition without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge