IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS WARDELL DOLPHUS,

    Petitioner,

v.   2:20-cv-00004-JCH-LF

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

## ORDER ON MOTIONS

This matter is before the Court on two competing motions filed with the Court on October 19, 2021: Respondents' Motion to Dismiss (Doc. 29) and petitioner's Motion to Proceed with Habeas Petition (Doc. 30). In the motion to dismiss, respondents ask the Court to dismiss Mr. Dolphus's entire habeas petition on the grounds that he did not file a statement expressing his wish to proceed solely with his exhausted claims within thirty (30) days of the Court's September 15, 2021 order. Doc. 29 at 2. Although Mr. Dolphus' motion did not arrive at the Court until October 19, 2021, Mr. Dolphus mailed it on October 15, 2021—exactly thirty (30) days from the Court's September 15, 2021 order. *See* Doc. 30 at 5. Under the prison mailbox rule, an inmate who places a motion "in the prison's internal mail system will be treated as having 'filed' on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The Court will give Mr. Dolphus the benefit of the prison mailbox rule and consider the filing as timely. To the extent there are any technical defects under the rule, the Court finds it is more efficient to address the merits of Mr. Dolphus' exhausted claims now rather than to issue a cure order on this discrete issue.

In his motion, Mr. Dolphus asks the Court to allow him to proceed solely on his exhausted claims: speedy trial violation (Claim 2) and sufficiency of the evidence to support his manufacturing convictions (Claim 3). *Id*. at 3. The Court grants this request, and dismisses without prejudice each of the other claims in Mr. Dolphus's habeas petition (Doc. 1): ineffective assistance of counsel (Claim 1), jurisdictional challenges (Claim 4), and discovery ruling challenges (Claim 5). The Court will decide these issues on the briefing currently before it, and no additional briefing is necessary unless ordered by the Court.

**IT IS THEREFORE ORDERED THAT**

1. Respondent's Motion to Dismiss (Doc. 29) is DENIED.

2. Petitioner's Motion to Proceed with Habeas Petition (Doc. 30) is GRANTED in so far as it asks to continue solely with his exhausted claims.

3. The Court dismisses without prejudice the following claims in Mr. Dolphus's habeas petition (Doc. 1): ineffective assistance of counsel (Claim 1), jurisdictional challenges (Claim 4), and discovery ruling challenges (Claim 5).

_____
SENIOR UNITED STATES DISTRICT JUDGE