IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS WARDELL DOLPHUS,

        Petitioner,

v.                                   2:20-cv-00004-JCH-LF

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

        Respondents.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Magistrate Judge filed her second Proposed Findings and Recommended Disposition

("PFRD") on March 8, 2023.[1]  Doc. 34.  The PFRD notified the parties of their ability to file

objections within fourteen (14) days and that failure to do so waived appellate review.  *Id*. at 20.

On March 10, 2023, the Attorney General of the State of New Mexico and the State of New

Mexico filed a notice of non-objection.  Doc. 35.  On March 22, 2023, Mr. Dolphus filed his

objections.  Doc. 36.  Respondents filed a response to Mr. Dolphus' objections on March 27,

2023.  Doc. 37.  Having considered the parties' submissions, the Court overrules Mr. Dolphus'

objections, denies his petition, and denies a certificate of appealability.

**I.**    **Standard of Review**

District courts may refer dispositive motions to a Magistrate Judge for a recommended

disposition.  *See* FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the

---

[1] The Magistrate Judge previously filed a PFRD because Mr. Dolphus had filed a mixed petition. Doc. 20.  Mr. Dolphus elected to proceed with his exhausted claims, and the second PFRD addressed those exhausted claims.  *See* Doc. 34 at 1–2.

required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  FED. R. CIV. P. 72(b)(2).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b)(3).

To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific."  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."  *Id*.  "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."  *Id*. (internal citation omitted).  Issues raised for the first time in an objection to the PFRD are deemed waived.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.   <u>Discussion</u>

Mr. Dolphus fails to raise objections to the magistrate judge's report and recommendation that are sufficiently specific and, instead, primarily raises arguments and facts

that he failed to raise before the magistrate judge. Consequently, the Court will overrule the objections.

Mr. Dolphus first objects that the magistrate judge's "findings are not a de novo review of this petitioner's claims." Doc. 36 at 1. Mr. Dolphus, however, was not entitled to a *de novo* review of his claims. As the magistrate judge explained, when the state court adjudicates a petitioner's claim on the merits, the Court is limited to the analysis under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 34 at 5. That inquiry is limited to a review of a state-court proceeding that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (quoting 28 U.S.C. § 2254(d)). The magistrate judge thoroughly explained the standard under the AEDPA when a state court has decided an issue on the merits. *Id*. at 5–7. The magistrate judge further noted "[f]or federal habeas claims not adjudicated on the merits in state courts, the Court must review the claim de novo, and the deferential standards of § 2254(d) do not apply." *Id*. at 8 (emphasis added).

In his objections, Mr. Dolphus ignored the magistrate's finding that "the state court adjudicated Mr. Dolphus' claims on the merits"—which invoked the limited review under § 2254(d)—and complains that the magistrate judge did not conduct a *de novo* review. Doc. 36 at 1. Mr. Dolphus does not dispute that the AEDPA applies to his habeas claims, nor does he give any reason why the magistrate judge's approach was contrary to the standards under the AEDPA. He also does not dispute that the state court determined his claims on the merits.

3

Instead, he argues that the magistrate judge's findings are merely a "cut and paste" of the New Mexico Court of Appeals' decision, and because he disagreed with the state court decision, he disagrees with the "xerox version of the same decision" by the magistrate judge.  Doc. 36 at 1. The magistrate judge, however, was not conducting a *de novo* review of the state court decision. Because the state court decided Mr. Dophus' speedy trial violation claim on the merits, the magistrate judge was tasked with analyzing that claim under the highly deferential standard in the AEDPA.  The magistrate judge found that the state-court proceeding did not result in a decision that was contrary to, nor did it involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See generally* Doc. 34.  Mr. Dolphus does not challenge these findings, and his objection that the magistrate grate judge failed to perform a *de novo* review is without merit and is overruled.

Mr. Dolphus next argues that his attorney's speedy trial motion is deficient and is proof of ineffective assistance of counsel.  Doc. 36 at 1.  This argument is irrelevant.  The magistrate judge explained that Mr. Dolphus submitted a petition for habeas relief that included claims for which he had not exhausted his state court remedies.  Doc. 34 at 1; *see also* Doc. 20 (finding Mr. Dolphus filed a mixed petition and recommending that the Court allow him to proceed only on his exhausted claims); Doc. 26 (directing Mr. Dolphus to file a statement expressing his wish to proceed solely with his exhausted claims); Doc. 30 (requesting the Court proceed on the exhausted claims).  Mr. Dolphus elected to proceed only on his exhausted claims, which included a speedy trial violation claim (Ground 2) and a claim that insufficient evidence supported his manufacturing convictions (part of Ground 3).  Doc. 30.  Mr. Dolphus has not

presented the Court with an exhausted claim for ineffective assistance of counsel, and the magistrate judge was not required to—and therefore did not—address Mr. Dolphus' claim for ineffective assistance of counsel.

Mr. Dolphus next contends that the magistrate judge improperly used "the prosecutions original time line[sic]" that is "skewed in [] favor of the prosecution." Doc. 36 at 2. In the report and recommendation, the magistrate judge analyzed Mr. Dolphus' claim that he was denied his right to a speedy trial under the Sixth Amendment. Doc. 34 at 8–15. Mr. Dolphus does not contend that the magistrate judge failed to scrutinize the New Mexico Court of Appeals' decision pursuant to the correct standards. He does not submit any Supreme Court precedent that shows that the New Mexico Court of Appeal's decision is contrary to, or involved an unreasonable application of, clearly established Federal law. Instead, he offers additional evidence and arguments that were not raised before the magistrate judge. *See* Doc. 36 at 2–9. For example, Mr. Dolphus asserts that more time should have weighed heavily against the state, that Judge Nakamura's decision violated his civil rights by not granting him the right to view the evidence, and that the state failed to respond to his speedy trial motion. *Id*. These issues were raised for the first time in Mr. Dolphus' objections and are therefore waived. *Marshall*, 75 F.3d at 1426 (issues raised for the first time in an objection to a PFRD are deemed waived).

Finally, Mr. Dolphus reiterates his complaint that there was an insufficient chain of custody of the disks that contained child pornography. Doc. 36 at 7–8. Once again, Mr. Dolphus does not specifically object to the magistrate judge's analysis of the sufficiency of evidence issue raised in his habeas petition. Instead, Mr. Dolphus asserts that "nonsufficient chain of custody is a major issue because the police department cannot explain where the disk came from and who had possession of the disk up until trial." Doc. 36 at 7. He ignores, however, that the chain of

5

custody evidence at trial was significant and provided a sound basis for the trial judge to find that he created the discs that contained child pornography.  *See* Doc. 34 at 17–18.  Mr. Dolphus further asserts that "at some point the disk[s] were tampered with," and he asks the Court to allow him "to have an expert analyze the disk to find out the truth."  Doc. 36 at 7.  Mr. Dolphus did not raise this argument in his petition, and he therefore waived it.  *Marshall*, 75 F.3d at 1426. Furthermore, the magistrate judge was not tasked with retrying Mr. Dolphus' criminal case.  The magistrate judge was limited to reviewing the record as it stood before the state courts and addressing whether the New Mexico state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Mr. Dolphus does not assert that the magistrate judge failed to properly analyze the state court's decision with regard to his claim that insufficient evidence supports his manufacturing conviction.

**III.**   **Conclusion**

For the reasons stated above, the Court will adopt the magistrate judge's PFRD.

IT IS THEREFORE ORDERED that the magistrate judge's Proposed Findings and Recommended Disposition ("PFRD") filed on March 8, 2023 (Doc. 34) is ADOPTED.

IT IS FURTHER ORDERED that the Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed by Thomas Wardell Dolphus is DENIED, and the Court DENIES a certificate of appealability.

_____
SENIOR UNITED STATES DISTRICT JUDGE